**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY L.G. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-00679 SRC |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This fee-paid case filed by self-represented plaintiffs Jeffrey L.G. Johnson, Jerry Arnaz

Johnson, and Joseph Johnson ("Plaintiffs") is before the Court on the following motions:

Defendant Andrew Berg's Motion to Dismiss and Quash Service of Process [6], Defendant

Brinker & Doyen, LLP's Motion to Dismiss and Quash Service of Process [8], Defendant Charter

Communications, Inc.'s Motion to Dismiss and Quash Service of Process [11], Defendant City of

St. Louis's Motion to Dismiss [17], Defendant United States' Motion to Dismiss [25] and

Defendants Office of the State Attorney General and Eric Schmitt's Motion to Dismiss Plaintiffs'

Complaint [29].  Plaintiffs have filed a Motion for Entry of Default [13], three Motions to Compel

Discovery [14], [15], [16], and a motion titled "Plaintiff's Motion to Dismiss Defendant's Notice

for Removal . . ." [23].  For the following reasons, the Court dismisses this action with prejudice

for failure to state a claim upon which relief can be granted and denies Plaintiffs' and Defendants'

motions as moot.

**I.      Background**

This is the sixth action filed with respect to the same subject matter by Plaintiffs together,

separately, or with other plaintiffs.  In four of the prior suits Plaintiffs were self-represented and

sought leave to proceed in forma pauperis.  The Court dismissed these cases on one of the grounds specified in 28 U.S.C. § 1915(e)(2)(B).  *See Johnson, et al. v. United States, et al*, No. 4:19-CV-1694 ERW (E.D. Mo. July 8, 2019) (filed by two of these Plaintiffs; finding Plaintiffs' allegations "clearly baseless" and dismissing case as "factually frivolous" pursuant to § 1915(e)(2)(B)(i)); *Johnson, et al. v. United States, et al.*, No: 4:12-CV-2155 AGF (E.D. Mo. Dec. 12, 2012) (filed by Plaintiff Joseph Johnson and others; finding complaint "incoherent" and its allegations as "wholly delusional" and dismissing case pursuant to 28 U.S.C. § 1915(e)); *Johnson, et al. v. United States, et al.*, 4:12-CV-896 JAR (E.D. Mo. May 23, 2012) (filed by two of these Plaintiffs; finding the complaint "nothing more than a tirade of nonsensical accusations concerning Plaintiffs' dissatisfaction with the outcome of their previous cases"[1] and finding the "main purpose of the instant lawsuit is not to rectify any cognizable harm, but only to harass and disparage the judges and lawyers who had anything to do with Plaintiffs' previous litigation, and others who had nothing to do with the litigation;" dismissing case with prejudice under § 1915(e) as malicious); *Johnson v. Obama, et al*, No. 4:10-CV-2303 RWS (E.D. Mo. Dec. 14, 2010) (filed by Plaintiff Jeffrey L.G. Johnson; finding complaint described "fantastic or delusional scenarios" or contained "fanciful factual allegations;"  dismissing case under § 1915(e)(2)).  The fifth case the Court dismissed with prejudice for failure to state a claim upon which relief can be granted and as frivolous.  *See Johnson v. United States, et al.*, No. 4:19-CV-2328 SRC (E.D. Mo. Dec. 19, 2019).

This Court described the complaint in the first case Plaintiffs filed concerning the relevant subject matter, *Johnson v. Obama, et al*, No. 4:10-CV-2303 RWS, as follows:

---

[1]Plaintiffs' complaint in Case No. 4:12-CV-896 JAR referenced prior proceedings before this Court in two cases: *Johnson v. Astrue*, No. 4:10-CV-497 CAS/FRB (E.D. Mo. Nov. 23, 2010), a Social Security appeal filed by plaintiff Joseph Johnson that was dismissed for lack of subject matter jurisdiction, and *Johnson v. Obama, et al.*, No. 4:10-CV-2303 RWS (E.D. Mo. June 3, 2011).

> Plaintiff, a resident of St. Louis, Missouri, purports to be an "executor."  He sues several categories of high-level government officials, including the current and former presidents of the United States, justices of the Supreme Court, speakers of the U.S. House of Representatives, attorneys general, directors of the Central Intelligence Agency, directors of the Federal Bureau of Investigation and various others.  Plaintiff summarizes his lengthy complaint as "charg[ing] the Defendants [with] knowingly and recklessly participating in a conspiracy with state actors of the State of Missouri in a scheme stemming from the initial defrauding of an estate, to executing a domestic surveillance and intercept program by the Defendant, (U.S.), under a shroud of secrecy by the federal Courts, the office of the Chief Executive of the President(s), the U.S. Congress and State actors of the State of Missouri from 1988-present."

*Johnson v. Obama*, No. 4:10-CV-2303, Mem. and Order of Dec. 14, 2010 (Doc. 6 at 1-2).

The instant case, and the other prior cases listed above, contain similar allegations.  Here, the complaint is 100 pages long and names 142 defendants as well as "John Doe or Unknown Doe."  Plaintiffs caption their complaint "In re: Estate of P.D. & Vandelia W. Johnson," describe themselves as Jeffrey L.G. Johnson, "Executor," and Joseph Johnson, "Estate's Legal Proxy" and assert in a footnote that additional plaintiffs are P.D. Johnson, Vandelia Johnson, and six other named persons "in re Estate No. 3-87-0974-P-D & 3-93-1257-PD."  Doc. 5, pg. 9, n.1.  Plaintiffs filed this case in the Circuit Court of St. Louis City and Defendant City of St. Louis removed it to this Court pursuant to 28 U.S.C. § 1446(a) because Plaintiffs assert a claim under 42 U.S.C. § 1983.

The beginning of the Complaint refers to "Section 1983 Civil Rights Act of 1871 ch. 22 17 Stat. 13 (1871 (codified as amended at 42 U.S.C. S 1983 (1982), 1964 Civil Rights Act Pub. L. 88-352, 78 Stat. 241" the Supremacy Clause of the U.S. Constitution, the Missouri Constitution, "Bill of Rights, Article I, Section 2," and "Racketeer Influenced and Corrupt Organization, RICO ACT 18 U.S.C. S 1961-1968 joining state law Missouri fraud statute RSMo, S 516.120(5) and

3

Conspiracy Statute RSMo, S 564.016.6(1)." Doc. 5, pg. 10. It states that Plaintiffs and estate members "petition joinder of claims and remedy; those similar circumstanced civil rights deprivation and subjected to Title III program by defendants." *Id*. It further states, "Plaintiffs seek relief inter alia First, Fourth, Fifth and Fourteenth Amendments due process deprivation, liberty privacy deprivation, property unconstitutional taking by United States, and State of Missouri, and foreign City State licensed to conduct business within the jurisdiction of the State of Missouri." *Id*. Plaintiffs seek compensatory, punitive, and other damages, in different amounts against different Defendants, the most being $180 billion from the United States. *Id*. at 96.

Defendants include the United States, former and current presidents, the U.S. Department of Justice, the FBI, the CIA, members of Congress, Supreme Court justices, judges of this district court, judges of the Eighth Circuit Court of Appeals, Missouri Supreme Court judges, St. Louis City, St. Louis County, the Missouri general assembly, Missouri former and current governors, and many more.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting Iqbal, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of

4

the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

Pleadings filed by self-represented persons are to be liberally construed and are held to less stringent standards than those drafted by an attorney. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Nonetheless, such pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quoted case omitted).

### III.    Discussion

#### a.    Dismissal of Plaintiffs' Claims

After service of process in a fee-paid case, a court may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) on its own motion if the plaintiffs have failed to state a claim upon

which relief can be granted. *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (per curiam); *Smith v. Boyd*, 945 F.2d 1041, 1042-1043 (8th Cir. 1991); *see Smithrud v. City of St. Paul*, 746 F.3d 391, 395, 396 n.3 (8th Cir. 2014).  Prior to service of process, a court may dismiss claims under Rule 12(b)(6) on its own motion only if the complaint is frivolous, *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996); *Addison v. Pash*, 961 F.2d 731, 732 (8th Cir. 1992) (per curiam), or "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint," *Smith*, 945 F.2d at 1043.

Here, several Defendants filed motions to dismiss.  Thus, Plaintiffs are on notice of alleged deficiencies in their Complaint.  There are numerous Defendants, however, that Plaintiffs either did not serve with summons and complaint or Plaintiffs served but the defendant has not filed a responsive pleading yet.  As a result, out of an abundance of caution the Court will dismiss Plaintiffs' claims against Defendants on its own motion only upon a finding that the Complaint is frivolous, or that it is patently obvious Plaintiffs could not prevail based on the facts alleged in the Complaint.  Both standards are fully met here.

The Court has carefully reviewed the entire Complaint, viewing the facts and all reasonable inferences therefrom in the light most favorable to Plaintiffs.  The Complaint is primarily comprised of legal conclusions, recitation of legal jargon, and factual allegations that are nonsensical, fantastic, or delusional, such that they rise to the level of the irrational and wholly incredible.  It refers to unfavorable outcomes with respect to a probate court case filed in 1988 and subsequent civil actions filed by Plaintiffs, and allegations that judges and courts treated them unfairly and/or illegally.  It attempts to refute prior rulings made by state and federal judges in prior cases.  The Complaint contains many references to "Title III surveillance" and "Title III spying" that Plaintiffs allege the various Defendants conspired to promote and/or conceal from Plaintiffs.  An example of the nonsensical, fantastic, and delusional allegations is Part V of

6

Plaintiffs' Complaint where they assert Judges Webber, Fleissig, White, and Clark of this Court committed wire fraud by "using emails to secretly communicate ex parte with in-state attorneys and out-of-state attorneys[.]"  Doc. 5, pg. 26.  Ultimately, Plaintiffs do not plead facts that could support any plausible cause of action against any Defendant.

Ordinarily, in addressing a motion to dismiss, the Court would analyze the complaint count by count, stating the elements of the causes of action, and then determining whether the plaintiff alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).  In this case, Plaintiffs' Complaint alleges so few facts, as opposed to legal conclusions, recitation of legal jargon, and allegations so fantastic or delusional that they rise to the level of the irrational and wholly incredible, that the Court declines to address each purported count separately.  The Eighth Circuit has recently approved this procedure where so few facts are alleged in a complaint.  *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717-18 (8th Cir. 2019) (citing *Braden*, 588 F.3d at 594 ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.")).

The Court finds the Complaint as a whole is frivolous and further finds it is patently obvious Plaintiffs could not prevail based on the facts alleged.  *See Porter*, 99 F.3d at 273; *Smith*, 945 F.2d at 1043.  Consequently, on its own motion, the Court will dismiss all of Plaintiffs' claims against all of the defendants.

The Court declines to address each of Defendants' Motions separately but finds it would grant those motions if it did not find Plaintiffs' Complaint as a whole frivolous.  Because the Court dismisses Plaintiffs' Complaint on other grounds, it denies Defendants' Motions as moot. Plaintiffs have filed a Motion for Entry of Default Judgment, several Motions to Compel Discovery, and a Motion to Dismiss Defendant's Notice of Removal, which the Court interprets as

a Motion to Remand.  The Court denies these Motions as moot based on the Court's dismissal of Plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Andrew Berg's Motion to Dismiss and Quash Service of Process [6] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendant Brinker & Doyen, LLP's Motion to Dismiss and Quash Service of Process [8] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendant Charter Communications, Inc.'s Motion to Dismiss and Quash Service of Process [11] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendant City of St. Louis's Motion to Dismiss [17] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendant United States' Motion to Dismiss [25] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants Office of the State Attorney General and Eric Schmitt's Motion to Dismiss Plaintiffs' Complaint [29] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default [13] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' three Motions to Compel Discovery [14], [15], [16] are **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Dismiss Defendant's Notice for Removal . . ." [23] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that on the Court's own motion, all claims in Plaintiffs' Complaint are **DISMISSED with prejudice** as against all defendants.

An appropriate order of dismissal with prejudice will accompany this Memorandum and Order.

So Ordered this <u>16th</u> day of June, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**